ALTENBERND, Judge.
 

 Eric Dow appeals an order denying his motion to correct an illegal sentence. We reverse and remand for further consideration of Mr. Dow’s sentence of natural life for an offense of robbery committed in March 1990 and identified as count one in case number 90-CF-004108.
 

 The State charged Mr. Dow with six offenses in case number 90-CF-004108. The primary charge of robbery with a weapon was described as a first-degree felony. Mr. Dow pleaded guilty to these offenses in 1990 before Judge Harry Lee Coe and received a sentence on a first-degree felony of twenty-two years’ incarceration under the guidelines, followed by life probation on the robbery as a habitual violent felony offender.
 

 After Mr. Dow was released from prison in 1999, he violated his probation in 2000. Judge Daniel L. Perry revoked his probation and sentenced him to a term of natural life for the robbery. Although the probationary term had been imposed after a finding that Mr. Dow qualified as a habitual violent felony offender, the sentence of natural life was not orally imposed under that status.
 

 In 2004, Mr. Dow filed a motion to correct an illegal sentence in this case. In denying that motion, Judge Perry ruled that he had not imposed this sentence as a habitual violent felony offender sentence. We affirmed that order on appeal.
 
 Dow v. State,
 
 906 So.2d 1068 (Fla. 2d DCA 2005) (table decision).
 

 Mr. Dow has now filed another motion to correct an illegal sentence. Although the motion was not artfully drawn, the issues raised demonstrate that a sentence of natural life for the offense of robbery with a weapon would not have been legal under the applicable law in 1990 unless Mr. Dow was in fact sentenced upon revocation as a habitual violent felony offender. Accordingly, we ordered a response from the State. The State argues that the trial court should be instructed on remand to correct the sentencing documents to reflect that Mr. Dow was actually sentenced in 2000 as a habitual violent felony offender.
 

 We decline to follow the State’s suggestion to correct this matter as a mere scrivener’s error because the judge who
 
 *811
 
 imposed the revocation sentences has expressly ruled that he did not sentence Mr. Dow as a habitual violent felony offender. Accordingly, we reverse the order on appeal and remand this matter to the trial court for further proceedings. Although we do not require the trial court to make any specific ruling on the motion, we would suggest that appointment of counsel to represent Mr. Dow in this matter would be helpful in attempting to reach a correct result.
 

 Reversed and remanded.
 

 CASANUEVA and LaROSE, JJ„ Concur.